# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF INDIANA
# INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| TRAVELER'S JOY, INC., | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Case No. 1:10-cv-1574-TWP-TAB |
| HAYCCO LLC, | ) ) | |
| Defendant. | ) | |

## ENTRY ON MOTION TO DISMISS

Plaintiff Traveler's Joy, Inc. ("Joy"), a Delaware corporation, brings this action in an Indiana court to enforce its word and design trademarks against Defendant Haycco LLC ("Haycco"), a California limited liability company, which operates a website known as joyhoneymoon.com available in all 50 states. In response, Haycco has filed a Motion to Dismiss for lack of personal jurisdiction and improper venue. The omnipresent internet has created unique questions as to when a business' internet activities can subject it to a lawsuit in a foreign state. Public websites are available to any computer with a broadband connection but, as evidenced by the facts of this case, the reach of website-based personal jurisdiction is not limitless. Haycco's Motion to Dismiss (Dkt. 10) is **GRANTED**.[1]

**A.  Background**

Both Joy and Haycco provide gift registry services wherein wedding guests may contribute monetary or other gifts towards a couple's honeymoon experience. Joy is the owner of the mark "TRAVELER'S JOY." Haycco uses the marks "JoyHoneymoon," "JoyHoneymoon.com," and "joy honeymoon (design)" in connection with its business. Joy

---

[1]Because the personal jurisdiction issue is dispositive, the Court need not address issues relating to venue.

maintains that Haycco's marks are confusingly similar to its marks, thereby causing it harm. Accordingly, Joy has sued Haycco for trademark infringement, unfair competition, and dilution of a famous mark.

In support of its jurisdiction argument, Joy contends that Haycco engages in Indiana-centric web marketing and implies that Haycco's purported Indiana customers can complete transactions on its website. This is not altogether accurate. By way of an affidavit from its President, Anthony Sacco, Haycco has established that its connections to Indiana are scant. Haycco has no Indiana offices, no Indiana employees, no Indiana property, no Indiana bank accounts, and does not possess a license to do business in Indiana. Haycco also has no Indiana customers and in turn, has never derived any revenue, let alone profits, from the pockets of Hoosiers. Significantly, Haycco's website is configured to deny transactions attempted by customers in Indiana. So, if a hypothetical Indiana customer tried to complete a transaction using Haycco's website, an error message would appear, stating that the "[z]ip code does not appear to be valid." Finally, Haycco only engages in general internet marketing and does not focus or direct any advertising toward Indiana.

**B.     Legal Principles and Discussion**

When a defendant moves to dismiss under Rule 12(b)(2) for lack of personal jurisdiction, "the plaintiff bears the burden of demonstrating the existence of jurisdiction." *Purdue Research Foundation v. Sanofi-Synthelabo, S.A.*, 338 F.3d 773, 782 (7th Cir. 2003). Here, the Court is ruling without the benefit of an evidentiary hearing and based only on the submission of written materials. Therefore, Joy only needs to make out a *prima facie* case for personal jurisdiction, and it is entitled to the "resolution in its favor of all disputes concerning relevant facts presented in the record." *Id*. (citations and internal quotations omitted).

"When federal law does not authorize nationwide service of process, a federal district court has personal jurisdiction over a non-resident defendant if a court of the state in which it sits would have such jurisdiction." *Nerds on Call, Inc. (Indiana) v. Nerds on Call, Inc. (California)*, 598 F. Supp. 2d 913, 915 (S.D. Ind. 2008) (citations omitted). In Indiana, "personal jurisdiction depends on whether the requirements of the state long-arm statute are met and whether federal due process requirements are satisfied." *Id*. (citations omitted). Indiana Trial Rule 4.4(A) is Indiana's long-arm statute, providing that "a court of this state may exercise jurisdiction on any basis not inconsistent with the Constitutions of this state or the United States." Because Indiana's long-arm statute is co-extensive with the limits of federal due process, the Court applies federal due process standards. *See, e.g., Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 469-70 (1985).

Personal jurisdiction comes in two forms: general and specific. General jurisdiction is clearly lacking here, and Joy concedes as much. Thus, only specific jurisdiction is at issue. Specific jurisdiction requires an individualized evaluation of the facts of a case and "the relationship among the defendant, the forum, and the litigation." *Shaffer v. Heitner*, 433 U.S. 186, 204 (1977). A court may exercise specific jurisdiction over a non-resident defendant if the defendant has sustained certain minimum contacts and the claim asserted arises out of or results from the defendant's forum-related activities. *Richter v. INSTAR Enterprises International, Inc.*, 594 F. Supp. 2d 1000, 1010 (N.D. Ill. 2009) (citation omitted).

With respect to minimum contacts, a crucial consideration is whether the defendant could reasonably anticipate being haled into court in the forum state because it purposefully availed itself of the privilege of conducting activities there. *Id*. (citation omitted); *see also Purdue Research*, 338 F.3d at 780 ("In any given case, there must be some showing that the defendant

purposefully availed itself of the privileges of conducting business within the forum state."). This requirement "ensures that the defendant will not be haled into a jurisdiction solely as a result of 'random,' 'fortuitous,' or 'attenuated' contacts or of the 'unilateral activity of another party or third person.'" *Burger King*, 471 U.S. at 475 (citations omitted).

This case involves internet contacts. While the internet has injected some complexity and nuance into this area of the law, the fundamental analytical principles governing personal jurisdiction still hold true in internet cases. *See Family Watchdog, LLC v. Schweiss*, 2009 WL 276856, at *4 (S.D. Ind. Feb. 5, 2009) (citation omitted). Under these specific circumstances, two jurisdictional tests must be administered. "In a trademark infringement case in which internet contacts are at issue, a two-track analysis must be undertaken: first, a court must determine whether jurisdiction is proper under the 'effects test' of personal jurisdiction; and, second, a court must analyze whether the law permits personal jurisdiction over a defendant based solely on the website(s) it operates." *Id*. As discussed below, neither test supports personal jurisdiction.

**1. Effects Test**

Under the "effects test," specific jurisdiction "may be established by a showing of: (1) purposeful availment by the defendant of the benefits and protections of the laws of the forum; and (2) harm to an individual within the state where the harm is both intentional and aimed at the forum state." *Id*. (citations omitted). Further, "[i]n a trademark case, courts are to be wary of conflating a knowing infringement with intentional harm aimed at the forum." *Id*.

In an attempt to stave off dismissal, Joy points to numerous screenshots of Google's search results and pages generally discussing how Google's "AdWords" keyword-based advertising program operates. Based on this "evidence," Joy jumps to the conclusion that

Haycco's advertisements are specifically targeted to users in Indianapolis. However, this evidence is in no way sufficient to establish that Haycco engaged in any such intentional targeting of Indiana. Instead, the credible evidence establishes that Haycco only engages in general web advertising. *Compare Nerds on Call*, 598 F. Supp. 2d at 919-21 (no personal jurisdiction over California entity because, although infringement evinces harm, there was no intentional targeting of Indiana customers) *to Indianapolis Colts, Inc. v. Metropolitan Baltimore Football Club Ltd. Partnership*, 34 F.3d 410, 412 (7th Cir. 1994) (personal jurisdiction was proper because, in addition to infringement, defendant planned to target Indiana customers by broadcasting its games in Indiana, where "the largest concentration of consumers" was located); *see also Family Watchdog*, 2009 WL 276856, at * 8 ("the mere placement of an advertisement link that is available everywhere…is too attenuated a connection…to permit the Court's proper exercise of personal jurisdiction."). Haycco has, at most, an attenuated connection to Indiana – not enough for personal jurisdiction. A contrary ruling would unduly expand the reach of the effects test.

## 2. Web-based Jurisdiction

The second test relates to whether the Defendant's website itself forms a basis for jurisdiction. The seminal case addressing this question – *Zippo Manufacturing Co. v. Zippo Dot Com, Inc.*, 952 F. Supp. 1119 (W.D. Pa. 1997) – devised a three-tier paradigm for assessing web-based jurisdiction: (1) passive sites, which merely make information available, generally do not permit jurisdiction; (2) interactive sites, which allows users to contract through the site, generally permit jurisdiction; and (3) semi-interactive sites, which allow users to submit information to sites, are handled on a case by case basis. *See Family Watchdog*, 2009 WL 276856, at *4 (citation omitted).

But although interactivity is an important metric, it is not, by itself, controlling. *Id*. Traditional jurisdiction principles are important, too, and the fact that the site has no customers from the state in question is significant. *See, e.g., id*. at *5 (interactivity is but one factor to consider in the personal jurisdiction determination; "an interactive or commercial website may not be sufficient to support jurisdiction if it is not aimed at residents in the forum state"); *Jennings v. AC Hydraulic A/S*, 383 F.3d 546, 549 (7th Cir. 2004) (rejecting notion that specific jurisdiction can be premised on the maintenance of a website alone); *Richter*, 594 F. Supp. 2d at 1013-14 (dismissing for lack of personal jurisdiction; "[p]laintiff has offered no facts to show that anyone in Illinois used the interactive aspects of defendant's website to purchase artwork or that defendant shipped the artwork into Illinois").

In support of its case, Joy cites to an incident in which a "user," presumably someone at Joy's behest, accessed Haycco's site from the Southern District of Indiana and was able to proceed to the checkout page where payment allegedly could have been made, but did not actually complete a transaction. This evidence is unpersuasive for at least two reasons. First, the unilateral activity of Joy cannot establish Haycco's contact with the forum state. *Burger King*, 471 U.S. at 475; *see also Richter*, 594 F. Supp. 2d at 1014 ("the actions of plaintiff's husband in accessing defendant's website cannot provide the sole foundation of defendant's minimum contacts with Illinois…[i]f personal jurisdiction over defendant could be established simply by plaintiff accessing the page of the website that offers to sell plaintiff's artwork, plaintiff could establish personal jurisdiction over defendant in any state, and this would defeat the nature of personal jurisdiction altogether"); *Maritz, Inc. v. Cybergold, Inc*., 947 F. Supp. 1328, 1333 n. 4 (E.D. Mo.1996) ("The Court does not consider, for purposes of establishing personal jurisdiction, the 180 times that plaintiff accessed defendant's website. If such contacts were to

be considered, a plaintiff could always try to create personal jurisdiction"). Second, the "user" in question did not consummate the transaction. And, as explained above, if the user would have tried to do so, he or she would have received an error message. Plainly stated, Haycco's website is not sufficient to support jurisdiction in Indiana.

**C.    Conclusion**

Quantitatively and qualitatively, Haycco's contacts with Indiana are meager to non-existent, and requiring Haycco to defend its interests here would "offend traditional notions of fair play and substantial justice." *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945) (citation and internal quotations omitted). Accordingly, Haycco's Motion to Dismiss (Dkt. 10) is **GRANTED** and this action is hereby **DISMISSED** without prejudice. Lacking an unambiguous indication of where Joy prefers to have the case re-filed, the Court will not order transfer of this cause to another jurisdiction.

Additionally, Defendant's request for an award of just and reasonable costs shall be **GRANTED**. Pursuant to 28 U.S.C. § 1919, "Whenever any action or suit is dismissed in any district court . . . for want of jurisdiction, such court may order the payment of just costs." With respect to fees, the Court has determined that at this time, Haycco's request for attorney's fees should be **DENIED.** Defendant has presented no basis for an award of attorney's fees. This order however, does not foreclose Haycco's ability to seek attorney's fees if appropriate, if this case proceeds in another forum.

SO ORDERED:

Date: 04/26/2011

                                                                                              _____
                                                                                              Hon. Tanya Walton Pratt, Judge
                                                                                              United States District Court
                                                                                              Southern District of Indiana

DISTRIBUTION:

Robert L. Barlow, III
BAHRET & ASSOCIATES
tbarlow@bahretlaw.com, jeden@bahretlaw.com, barlow.trey@gmail.com

Paul B. Overhauser
OVERHAUSER & LINDMAN, LLC
poverhauser@overhauser.com, courtnotices@overhauser.com